**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MARK A. WINGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09-CV-445-GKF-TLW |
| | ) |
| SHAWN MULLINS; RANDALL DREW; | ) |
| TERRY TARWATER; TRENT HOLMAN; | ) |
| HOLMAN & ASSOCIATES, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

On July 13, 2009, Plaintiff, a federal prisoner appearing *pro se*, submitted a complaint (Dkt. # 1) alleging jurisdiction under 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). By Order filed July 30, 2009, the Court granted Plaintiff's motion to proceed *in forma pauperis*, as amended. On August 20, 2009, Plaintiff paid an initial partial filing fee as directed by the Court. For the reasons discussed below, the Court finds the complaint fails to state a claim upon which relief may be granted. As a result, the complaint shall be dismissed without prejudice.

## *BACKGROUND*

Plaintiff's claims relate to the investigation and prosecution of a criminal charge in this federal district court, N.D. Okla. Case No. 08-CR-037-TCK, and the revocation of supervised release in N.D. Okla. Case No. 03-CR-007-TCK.[1] In his complaint (Dkt. # 1), Plaintiff names five

---

[1] The docket sheet for N.D. Okla. Case No. 03-CR-007-TCK reflects that Plaintiff was sentenced to 16 months imprisonment for "Uttering a Counterfeit Security." While serving his 3-year term of supervised release, Plaintiff violated the terms of his supervised release. On March 6, 2008, he pled guilty to the allegations in the government's petition to revoke. On July 15, 2008, he was sentenced to 21 months imprisonment. He was also sentenced to 21 months imprisonment in Case No. 08-CR-037-TCK, to be served consecutive to the term of imprisonment in 03-CR-007-

(5) defendants: Shawn Mullins, identified by Plaintiff as the lead attorney for the Oklahoma Securities Exchange Commission ("SEC"); Randal Drew, identified by Plaintiff as the U.S. Probation Officer responsible for his supervision during his term of supervised release; Terry Tarwater and Trent Holman, identified by Plaintiff as attorneys employed at the lawfirm of Holman & Associates; and the lawfirm of Holman & Associates. Plaintiff alleges that Defendant Mullins violated his right to due process when he sought an injunction against Plaintiff based on untrue allegations. He claims that he relied on legal advice provided by Defendant Tarwater and, based on that advice, believed that he was exempt from registration with the SEC. He claims that Defendants Tarwater, Holman and Holman and Associates breached applicable duties of care and provided legal advice to Plaintiff "in a negligent manner." He also alleges that Defendant Drew and other U.S. Probation Officers conducted a warrantless search of his business, the "Tulsa Legal Clinic." According to Plaintiff, Defendant Drew handcuffed him, placed him in a government vehicle, and transported him to his home for the purpose of conducting another search. Plaintiff alleges that while in the car, Defendant Drew reached over the seat of the car with a bullet in his hand and said "let's make this easy." Plaintiff also claims that Defendant Drew had a "sneer" on his face. He further alleges that Defendants Mullins and Drew "worked closely together to form a case against him," that he "felt very pressured by Drew and Mullins," and that Drew and Mullins used "trickery" to induce him to plead guilty. See Dkt. # 1.

---

TCK. In Case No. 08-CR-037-TCK, Plaintiff pled guilty to a charge of Fictitious Title. Plaintiff has a pending 28 U.S.C. § 2255 motion, challenging the revocation of his supervised release, in Case No. 03-CR-007-TCK.

In his request for relief, Plaintiff asks for actual damages, in an amount to be determined at trial, plus exemplary damages, fees, costs, and "any other general and equitable relief to which plaintiff may be entitled." (Dkt. # 1).

## *ANALYSIS*

Pursuant to the Prison Litigation Reform Act ("PLRA"), a district court may dismiss an action filed *in forma pauperis* "at any time" if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A (requiring court to screen a complaint filed by a prisoner seeking redress from an employee of a governmental entity and to dismiss the complaint if it, or any portion of it, is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of

3

the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). The Court applies the same standard of review for a dismissal under § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

After liberally construing Plaintiff's *pro se* complaint, see Haines, 404 U.S. at 520-21; Hall, 935 F.2d at 1110, the Court finds that the complaint fails to state a claim upon which relief may be granted. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the complaint shall be dismissed.

**A. Claims against private attorneys**

Plaintiff fails to identify the source of the Court's jurisdiction to adjudicate any claim against Defendants Tarwater, Holman, and Holman & Associates. To the extent Plaintiff asserts that the acts and omissions of these defendants violated his constitutional rights, he has failed to state a claim under either 42 U.S.C. § 1983 or Bivens. "To state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."

4

Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Private attorneys performing traditional legal functions as counsel do not act "under color of state law." Polk County v. Dodson, 454 U.S. 312, 318-20, 325 (1981); Lemmons v. Law Firm of Morris & Morris, 39 F.3d 264, 266 (10th Cir.1994) ("The conduct of retained counsel does not rise to the level of state action within the meaning of § 1983."). Furthermore, mere malpractice claims are not cognizable under § 1983. Brown v. Schiff, 614 F.2d 237, 239 (10th Cir. 1980). Also, § 1983 does not impose liability "based on a respondeat superior theory of liability." Polk, 454 U.S. at 325, 102 S.Ct. 445. Thus, Plaintiff cannot prevail in his § 1983 claims against Defendants Tarwater, Holman, and Holman and Associates. To the extent Plaintiff alleges that these defendants engaged in a conspiracy with other named defendants, he has failed to allege facts sufficient to state a conspiracy claim. Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989) ("Because [pro se] plaintiff failed to allege specific facts showing agreement and concerted action among defendants, the district court properly dismissed the conspiracy claim with prejudice. Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.") (citations omitted). Plaintiff's claims against Defendants Tarwater, Holman, and Holman and Associates shall be dismissed without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Effect of Heck v. Humphrey, 512 U.S. 477 (1994)

The Court further finds that Plaintiff's claims against Defendants Mullins and Drew shall be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477 (1984). Plaintiff essentially alleges that actions by those Defendants, including false accusations and coercion, resulted in his guilty pleas entered in N.D. Okla. Case Nos. 08-CR-37-TCK and 03-CR-007-TCK. Because relief on these allegations would necessarily undermine the validity Plaintiff's conviction and revocation of

supervised release, Plaintiff must first show that the conviction and the revocation of his supervised release have been invalidated or otherwise set aside before he can seek damages for these defendants' alleged wrongdoing. See Heck, 512 U.S. at 487 (when judgment for the plaintiff "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."); see also Williams v. Hill, 74 F.3d 1339 (D.C. Cir. 1996) (A criminal defendant may not recover damages in a Bivens action against federal officials who allegedly brought about his or her conviction unless the conviction or sentence has been invalidated or set aside). The holding in Heck applies to Bivens actions and to claims that "call into question the fact or duration of parole or probation." Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996); see also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (Heck's favorable termination rule applies "no matter the relief sought . . . [and] no matter the target of the prisoner's suit . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). Because plaintiff makes no showing that either his conviction or his supervised release revocation has been invalidated or otherwise set aside, his claims against Defendants Mullins and Drew shall be dismissed without prejudice.

Lastly, to the extent Plaintiff's claims of taunts by Defendant Drew might be considered independent of Plaintiff's criminal proceedings, and thus beyond the reach of Heck and Crow, the Court finds the unprofessional conduct alleged by plaintiff is insufficient to state a cognizable constitutional claim for the purpose of seeking relief under Bivens. See McBride v. Deer, 240 F.3d 1287, 1291 (10th Cir. 2001) (taunts and threats are not an Eighth Amendment violation); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979) (holding, in case where sheriff laughed at inmate and

threatened to hang him after inmate sought to mail legal correspondence, that "[v]erbal harassment or abuse of the sort alleged in this case is not sufficient to state a constitutional deprivation").

### C. First "prior occasion" under 28 U.S.C. § 1915(g)

Plaintiff has been granted leave to proceed *in forma pauperis*. In addition, his complaint fails to state a claim upon which relief may be granted. As a result, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal shall count as Plaintiff's first "prior occasion" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Plaintiff's complaint (Dkt. # 1) is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.
2. The Clerk is directed to **flag** this dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

DATED THIS 13th day of October, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma