**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MARK A. WINGO, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 09-CV-445-GKF-TLW |
| | ) |
| SHAWN MULLINS; RANDALL DREW; | ) |
| TERRY TARWATER; TRENT HOLMAN; | ) |
| HOLMAN & ASSOCIATES, | ) |
| | ) |
|       Defendants. | ) |

## ORDER

By Opinion and Order filed October 13, 2009 (Dkt. # 13), the Court dismissed this civil rights action without prejudice for failure to state a claim upon which relief may be granted. The Court also entered judgment (Dkt. # 14) in favor of defendants on October 13, 2009. On October 26, 2009, Plaintiff, a federal prisoner incarcerated at FCI Beaumont Low, Beaumont, Texas, and appearing *pro se*, filed a "Motion for Reconsideration" (Dkt. # 16) of the Court's ruling. By Order filed October 28, 2009 (Dkt. # 17), the Court determined that the motion for reconsideration would be adjudicated as a timely motion to alter or amend judgment. See Fed. R. Civ. P. 59(e). The Court also granted Plaintiff's motion for extension of time to file a brief in support of his motion to alter or amend judgment. On November 18, 2009, Plaintiff filed his supporting brief (Dkt. # 20). For the reasons discussed below, the Court finds Plaintiff's Rule 59(e) motion should be denied.

In his brief in support of his motion, Plaintiff identifies four (4) grounds for arguing that the Court either misunderstood the claims asserted in his complaint or erred in dismissing this action. The Court shall address each ground.

**A.   Erroneous application of <u>Heck v. Humphrey</u>**

First, Plaintiff asserts that the Court erred in applying the holding of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), to preclude consideration of his claims against Defendants Mullins and Drew. Plaintiff contends that <u>Heck</u> does not apply to this case because his claims "threaten no consequence to [his] conviction or the duration of [his] sentence," and that any award of "civil damages in the case at bar will have no effect whatsoever on his conviction or sentence." <u>See</u> Dkt. # 20 at 2. In support of his argument, Plaintiff cites, *inter alia*, <u>Muhammad v. Close</u>, 540 U.S. 749 (2004) (holding that <u>Heck</u> did not apply to § 1983 claims based on corrections officer's alleged retaliation because the plaintiff did not seek a judgment at odds with his conviction and sentence); <u>Miller v. O'Bryan</u>, 498 F.Supp.2d 548 (N.D. N.Y. 2007) (finding that the plaintiff who was convicted on his plea of guilty was not estopped from pursuing a § 1983 claim for damages because the validity of plaintiff's conviction was not affected by alleged Fourth Amendment violations as a result of his guilty plea); and <u>Butler v. Compton</u>, 482 F.3d 1277 (10th Cir. 2007). Those cases, however, are distinguishable from the instant case.

In the cases relied on by Plaintiff, the § 1983 claims did not necessarily implicate the underlying conviction and/or sentence. In <u>Muhammad</u>, the defendant had waived any argument that the plaintiff, if he succeeded on his claims, would be entitled to restoration of some good-time credits, resulting in less time to be spent in prison. <u>Muhammad</u>, 540 U.S. at 755. That argument may have warranted application of the holding of <u>Heck</u>, but because the defendant failed to assert the argument before the Magistrate Judge in the District Court, the factual and legal premises were not litigated and were waived. In <u>Miller</u>, the plaintiff's § 1983 claims were based on alleged Fourth Amendment violations occurring during a traffic stop which yielded evidence resulting in criminal

2

charges being filed against the plaintiff. Fourth Amendment rights are not among trial rights waived upon a plea of guilty. Haring v. Prosise, 462 U.S. 306 (1983). In considering whether the plaintiff in Prosise was collaterally estopped from raising his Fourth Amendment claims under § 1983, the Supreme Court looked to applicable Virginia law. Prosise, 462 U.S. at 314. The Supreme Court found that the plaintiff was not collaterally estopped from pursuing his Fourth Amendment claims under § 1983 for at least three reasons: (1) the legality of the search had not been litigated in the criminal proceeding, (2) no issue on which the plaintiff was required to prevail under § 1983 was decided against the plaintiff in the criminal proceeding, and (3) none of the issues raised in the civil proceeding were "essential to the trial court's acceptance of the plaintiff's guilty plea." Id. at 316. Similarly, in Miller, the plaintiff's § 1983 claims involved alleged Fourth Amendment violations which, if true, would not necessarily imply the invalidity of his conviction resulting from a guilty plea. Miller, 498 F.Supp.2d at 554. Likewise, in Butler, the plaintiff's Fourth Amendment claim related to a burglary charge that had been dismissed. As a result, the Tenth Circuit determined that there was "no underlying conviction therefore that could be invalidated by Mr. Butler's § 1983 action." Butler, 482 F.3d at 1280.

In contrast to Miller, Prosise, and Butler, Plaintiff's civil rights claims in this case constitute a challenge to the voluntariness of his guilty pleas entered in N.D. Okla. Case Nos. 03-CR-007-TCK and 08-CR-037-TCK. Plaintiff alleges that Defendant Mullins "sought an injunction against plaintiff making allegations against plaintiff that have been untrue, and conspired with other defendant Randal Drew U.S. Probation Officer" to effect his criminal convictions. See Dkt. # 1 at 1. He further alleges that "Randal Drew and Shawn Mullins were on a mission to destroy plaintiff and was

[sic] not going to stop at any cost."[1] Id. at 10. On page 11 of his complaint, Plaintiff reasserts that "Drew and Mullins were on a mission." Id. at 11. He further states that "Wingo felt very pressured by Drew and Mullins and was not thinking very clear, both Drew and Mullins knew that plaintiff had a great amount of pressure on him, this trickery was used to induce Wingo into Drew's plea, by Mullins agreeing to leave plaintiff alone, the odds were in favor of Drew." Id. All of those allegations go to the voluntariness of Plaintiff's guilty pleas. However, in Case No. 08-CR-037-TCK, the federal magistrate judge determined that Plaintiff's guilty plea was voluntary prior to accepting it. See N.D. Okla. Case No. 08-CR-037-TCK, Dkt. # 9, Order Accepting Plea. Furthermore, in Case No. 03-CR-007-TCK, Plaintiff did not object to the sentencing memorandum and stipulated to the alleged violations of the conditions of his supervised release. See N.D. Okla. Case No. 03-CR-007-TCK, Dkt. # 77. Therefore, if this Court were to find merit to Plaintiff's civil rights claims, the invalidity of his criminal convictions would be necessarily implicated. Plaintiff's criminal convictions have not been set aside or vacated. As a result, Plaintiff's claims under either 42 U.S.C. § 1983 or Bivens have not yet accrued and were properly dismissed. Heck, 512 U.S. at

---

[1] In light of Plaintiff's repeated assertions that Defendants Mullins and Drew "were on a mission to destroy" him, Plaintiff's allegations could also be construed as raising a claim of malicious prosecution. Novitsky v. City of Aurora, 491 F.3d 1244, 1258 (10th Cir. 2007) (stating that a § 1983 malicious prosecution claim requires proof of the following elements: (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages); see also Wilkins v. DeReyes, 528 F.3d 790, 799 (10th Cir. 2008). However, in order to prevail on a claim of malicious prosecution, Plaintiff must allege and prove that the proceeding terminated in his favor. Because Plaintiff's convictions have not been set aside, he cannot prevail on any claim of malicious prosecution. Heck, 512 U.S. at 484; see also Lawson v. Engleman, 2003 WL 21300347 (10th Cir. June 6, 2003) (unpublished) (applying Heck to claim by state prisoner that "the defendants engaged in malicious prosecution, 'which resulted in the bringing of . . . felony charges against [him], without probable cause, with malice, and that as a result [he] was coerced into pleading guilty to charges he was not guilty of and sentenced to imprisonment'").

4

487; see also Woodward v. Paige, 106 F.3d 414 (10th Cir. 1997) (unpublished) (upholding district court's dismissal of civil rights claims premised on a coerced guilty plea because such claims directly challenged the validity of the plaintiff's convictions).

Plaintiff also asserts that an award of civil damages in this case "will have no effect whatsoever on his conviction or sentence." See Dkt. # 20. Plaintiff offers no explanation for this statement. However, Plaintiff's describes lost business opportunities allegedly resulting from Defendants' conduct. To the extent Plaintiff claims that the conduct of Defendants Mullins and Drew destroyed his business, the Court concludes that any damage to Plaintiff's business which arose prior to his convictions is "inextricably intertwined" with the allegations resulting in his conviction. See Garcia v. Scribner, 1998 WL 397895 (N.D. Cal. July 10, 1998) (unpublished). As a result, any judgment for damages arising from lost business would necessarily imply the invalidity of Plaintiff's conviction. The Court finds Plaintiff has failed to demonstrate that he suffered an actual compensable injury unrelated to his conviction and imprisonment which would survive the holding of Heck.

**B. Eighth Amendment violation**

Next, Plaintiff argues that the Court incorrectly interpreted his claim arising from Defendant Drew's threatening conduct. He now asserts that Defendant Drew's conduct violated the Eighth Amendment. See Dkt. # 20. In his complaint, Plaintiff alleged that while he was being transported in a government vehicle, Defendant Drew reached over the seat of the car with a bullet in his hand and said "let's make this easy." See Dkt. # 1. Plaintiff also stated that Defendant Drew had a "sneer" on his face. In dismissing this action, the Court determined that "to the extent Plaintiff's claims of taunts by Defendant Drew can be considered independent of Plaintiff's criminal

5

proceedings, and thus beyond the reach of Heck and Crow, . . . the unprofessional conduct alleged by plaintiff is insufficient to state a cognizable constitutional claim for the purpose of seeking relief under Bivens." (Dkt. # 13).

In the brief in support of his Rule 59(e) motion, Plaintiff argues that "the acts committed by officials were so egregious, 'effecting plaintiff's liberty with an overt act to place a bullet in plaintiff's pocket,' that an Eighth Amendment violation has been established." See Dkt. # 20 at 4. In support of his argument, Plaintiff cites Northington v. Jackson, 973 F.2d 1518, 1524-25 (10th Cir. 1992).[2] That case involved an alleged excessive use of force, the brandishing of a lethal weapon, by a detention officer against a convicted prisoner in custody. However, a "claim that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' of [her] person ... [is] properly analyzed under the Fourth Amendment's 'objective reasonableness' standard, rather than under a substantive due process standard." Graham v. Connor, 490 U.S. 386, 388 (1989). To the extent Plaintiff had been seized, a claim of excessive use of force would be analyzed under the Fourth Amendment, not under the "cruel and unusual punishment" clause of the Eighth Amendment. See Lora-Pena v. F.B.I., 529 F.3d 503, 505 (3d Cir. 2008) (applying Fourth Amendment to federal prisoner's claims that federal and state law enforcement officials used excessive force during his arrest for violating terms of supervised release). The precise question asked in an excessive force case is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham, 490 U.S. at 397. "We assess objective reasonableness

---

[2]Plaintiff identifies the case found at 973 F.2d 1524 as F.D.I.C. v. Daily. That appears to be a typographical error. The case titled F.D.I.C. v. Daily is found at 973 F.2d 1525. The issues in that case are unrelated to those identified by Plaintiff in this case.

6

based on whether the totality of the circumstances justified the use of force, and pay careful attention to the facts and circumstances of the particular case." Estate of Larsen ex rel. Sturdivan v. Murr, 511 F.3d 1255, 1260 (10th Cir. 2008) (internal quotation marks omitted). A plaintiff must demonstrate that the amount of force used was "sufficiently egregious to be of constitutional dimensions." Martin v. Bd. of County Comm'rs, 909 F.2d 402, 407 (10th Cir. 1990) (per curiam). The extent of the injury inflicted by any use of force is additionally relevant in evaluating an excessive force claim. Id.

After reviewing Plaintiff's allegations and arguments, the Court finds that the conduct complained of fails to state a claim. Plaintiff's allegations are not "sufficiently egregious" to rise to the level of a Fourth Amendment violation. He alleges only that Drew had a bullet in his hand and "acted as if he would place the bullet in Plaintiff's pocket" as he said "let's make this easy." See Dkt. # 1 at 5. Plaintiff does not allege that Drew pushed or shoved him, or brandished a firearm or other deadly weapon. His allegations simply do not rise to the level of an excessive use of force in violation of the constitution. Collins v. Cundy, 603 F.2d 825 (10th Cir.1979) (dismissing prisoner's Eighth Amendment claim that defendant laughed at prisoner and threatened to hang him); Coyle v. Hughs, 436 F.Supp. 591, 593 (W.D. Okla. 1977) ("Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations."). The Court did not err in finding that the alleged conduct by Defendant Drew did not rise to the level of a constitutional violation.

## C. Element of conspiracy

As his third argument in support of his Rule 59(e) motion, Plaintiff argues that his complaint alleges the existence of a conspiracy involving Defendants Drew and Mullins and should be allowed to proceed. The Court did not address allegations of conspiracy in the Opinion and Order dismissing

7

this action. However, the Court finds that Plaintiff's claim that Defendants Drew and Mullins engaged in a conspiracy to secure his convictions amounts to a collateral attack on his convictions and is barred by Heck. See Bloom v. Social Sec. Admin., 72 Fed.Appx. 733, *2 (10th Cir. July 3, 2003) (unpublished) (allegation of conspiracy barred by Heck).

**D. Jurisdiction**

As his final argument, Plaintiff alleges that the Court misconstrued his claims against the private attorneys. In the order of dismissal, the Court found that the private attorneys were not state actors and that, as a result, Plaintiff had failed to state a claim under § 1983. In his Rule 59(e) motion, Plaintiff states that his "claims against the private attorneys are not based on 42 USCA § 1983 or Bivens. Plaintiff's complaint clearly established that plaintiff is asserting a traditional state law negligence and malpractice claim against the private attorneys." See Dkt. # 20. Plaintiff further states that "[w]hereas the Bivens and section 1983 claims against Mullins and Drew implicate the court's subject matter under the federal question doctrine, 28 U.S.C. § 1331. Once federal question jurisdiction is established, the court should exercise supplemental or ancillary jurisdiction over the plaintiff's pendant state law claims." Id.

As discussed above, however, consideration of Plaintiff's Bivens claims against Defendants Mullins and Drew are precluded by Heck, or otherwise fail to state a claim. The Court's analysis contained in the Opinion and Order filed October 13, 2009 (Dkt. # 13), effectively disposed of all of Plaintiff's claims arising under federal law. As discussed above, the Court finds no error in that analysis. As a result, the bases for federal subject matter jurisdiction have been extinguished. Therefore, the Court declines to exercise supplemental jurisdiction over Plaintiff's state claims. See 28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715, 725-26 (1966) ( "[I]f the

federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").

Dismissal of Plaintiff's claims against the private attorneys was appropriate.

**ACCORDINGLY, IT IS HEREBY ORDERED that** Plaintiff's motion for reconsideration (Dkt. # 16), adjudicated as a timely filed Rule 59(e) motion, is **denied**.

DATED THIS 25th day of November, 2009.

*/s/ Gregory K. Frizzell*
Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma